**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| **TYRUS ALPHONSE WILLIAMS,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Case No. 4:25-cv-243-CDL-AGH** |
| | : | |
| **STATE OF GEORGIA,** *et al.*, | : | |
| | : | |
| **Respondents.** | : | |

## <u>ORDER</u>

Presently pending before the Court is a motion filed by *pro se* Petitioner Tyrus Alphonse Williams seeking relief from the Court's January 2, 2026 Order and Judgment dismissing this action for Petitioner's failure to comply with the Court's orders and instructions (ECF No. 37).  Petitioner also filed another motion for leave to proceed *in forma pauperis* (ECF No. 38).  For the following reasons, Petitioner's motions are **DENIED.**

Petitioner filed his motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60, which provides a party with an avenue to seek relief "from a final judgment, order, or proceeding."  Fed. R. Civ. P. 60(b).  Petitioner specifically proceeds under Rule 60(b)(4), which permits a court to provide relief from a judgment "where the judgment is void."  ECF No. 37 at 1.  "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process

that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

In this case, Petitioner contends each of the Court's orders, including the dismissal order, are "void because they were issued without proper service or actual notice, thereby depriving Petitioner of a meaningful opportunity to respond and participate in the proceedings." ECF No. 37 at 1.  He thus requests that the Court vacate each of its previous orders, "[r]estore the matter to a procedural posture as if the void orders had not been entered," and permit him "to proceed with the case and submit a renewed application to proceed without prepayment of fees so that the underlying claims may be considered on their merits."  *Id.* at 3.  Petitioner further submits an "Amended Verified Petition for Redress" explaining the substantive basis for his claims (ECF No. 37-1) and a motion to proceed *in forma pauperis* in this action (ECF No. 38).

While the Court acknowledges that Petitioner does not appear to have received notice of its previous orders and instructions, that is because Petitioner refused to accept each of the Court's prior orders and returned them to the Court unopened.  Early in this litigation, Petitioner filed a "Non-negotiable Notice of 'Unseen' Acceptance" in which he stated he would "accept [the Court's] unseen presentments . . . and return your unseen offers herein attached to you."  ECF No. 7 at 1.  Attached to this notice were several documents, including what appears to be an unopened envelope from this Court that was stamped with Petitioner's name and "Accepted."  ECF No. 7-1 at 1.  Over the next several months, Petitioner continued to stamp all correspondence from the Court with his name and "Accepted" and return it to the Court unopened.  The mail returned to the Court

2

includes the same documents of which he now complains he had no notice—the July 28, 2025 Order referring the case to the United States Magistrate Judge, *see* ECF No. 7-1; the August 5, 2025 Order denying Petitioner's motion for leave to proceed *in forma pauperis*, *see* ECF No. 9; the September 19, 2025 Order to show cause, *see* ECF No. 19; and the November 3, 2025 Recommendation to dismiss this case, *see* ECF No. 27.[1]

The Court's orders and instructions in this case were intended to provide Petitioner with sufficient notice and opportunity to be heard prior to dismissal of his case. Petitioner cannot ignore these orders and instructions (and expend the Court's resources in doing so) and then claim the Court violated his due process rights and seek to have his case reopened at his convenience. *Cf. Santana v. City of Tulsa*, 359 F.3d 1241, 1244 (10th Cir. 2004) ("A party cannot create a due process claim by ignoring established procedures."). Moreover, Petitioner cannot show that he suffered any harm from the dismissal of his Petition. The Petition was dismissed without prejudice, and therefore Petitioner may simply refile if he chooses. Petitioner's motion to vacate (ECF No. 37) is **DENIED**, and his pending motion to proceed *in forma pauperis* (ECF No. 38) is **DENIED as moot.**

**SO ORDERED** this 10th day of April, 2026.

S/ Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] Although Petitioner refused to open his correspondence from the Court, Petitioner filed many other documents with the Court, including a lengthy writ of mandamus in the Eleventh Circuit Court of Appeals (ECF No. 31) that was denied as frivolous (ECF No. 36).