**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| **TYRUS ALPHONSE WILLIAMS,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Case No. 4:25-cv-243-CDL-AGH** |
| | : | |
| **STATE OF GEORGIA,** *et al.*, | : | |
| | : | |
| **Respondents.** | : | |

## **ORDER**

Presently pending before the Court is a motion filed by *pro se* Petitioner Tyrus Alphonse Williams seeking relief from the Court's April 10, 2026 Order denying Petitioner's motion to vacate the Court's January 2, 2026 Order and Judgment dismissing this case. For the following reasons, Petitioner's motion (ECF No. 42) is **DENIED.[1]**

Petitioner filed his motion pursuant to Federal Rule of Civil Procedure 60, which provides a party with an avenue to seek relief "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). He specifically proceeds under Rule 60(b)(4), which permits a court to provide relief from a judgment where "the judgment is void[.]" ECF No. 42 at 1. As the Court previously explained to Petitioner, "Rule 60(b)(4) applies only in the rare

---

[1] Petitioner is advised that this Court's local rules prohibit parties from filing "motions to reconsider the court's denial or grant of a prior motion for reconsideration." M.D. Ga. R. 7.6. Petitioner's motion arguably runs afoul of this local rule since it does nothing more than seek reconsideration of the April 10th Order denying reconsideration of the January 2nd Order of dismissal. If Petitioner files additional motions for reconsideration of the January 2nd Order of dismissal, the Court reserves the right to summarily deny them.

instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). In his motion, Petitioner reiterates his belief that the Court deprived him of due process before dismissing his case, and the Court therefore erred by failing to grant his previous Rule 60 motion. ECF No. 42 at 1-2.

As the Court previously explained, Petitioner refused to accept the Court's previous orders and instructions and returned them to the Court unopened. *See* ECF No. 40 at 2. Despite this refusal, Petitioner continues to complain that he did not have notice of the documents he refused to accept, open, and read. ECF No. 42 at 3. He asserts that "[r]eturned mail—even if intentionally returned—does **not** establish" that the recipient was aware of the contents of the mail, understood any associated legal consequences, or "made a conscious decision to disregard a known obligation." *Id*. Thus, he argues, his "**[n]on-engagement with unknown content**" cannot support a finding that he waived his due process rights. *Id.* at 3-4.

Petitioner's contention that he "**had no meaningful opportunity to avoid**" dismissal in this case is both incorrect and illogical. ECF No. 42 at 6. The Court notified Petitioner of his obligation to pay the required filing fee and that his failure to do so would likely result in the dismissal of his petition. ECF No. 8 at 5. When Petitioner failed to respond, the Court offered Petitioner the opportunity to respond and show cause why this case should not be dismissed and again warned Petitioner that failure to respond would likely result in the dismissal of this case. ECF No. 18 at 1. When Petitioner again failed

2

to respond, the United States Magistrate Judge recommended dismissal of this case but advised Petitioner that he could serve and file written objections to the recommendation of dismissal. ECF No. 25 at 2. Only when Petitioner failed to object did the Court finally dismiss this action. It is thus clear that Petitioner had ample notice and opportunity to prevent the dismissal of his case and failed to take advantage of those opportunities. Petitioner cannot avoid the consequences of his choice to ignore multiple items of correspondence from the very Court in which he chose to file his lawsuit. His motion (ECF No. 42) is **DENIED.**

Although Petitioner did not submit a notice changing his address of record, it appears he may have a different address than that previously provided to the Court. *See* ECF No. 41 at 1 (envelope sent to previous address marked "Returned to Sender Attempted-Not Known Unable to Forward"). The Clerk is therefore **DIRECTED** to mail a copy of this Order to Petitioner at the P.O. Box that currently serves as his address of record as well as the address on his most recently-filed motion, 1214 16th Avenue, Columbus, Georgia 31906. ECF No. 42-1 at 1.

**SO ORDERED** this 12th day of May, 2026.

S/ Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA